**Nathan Carl SCHWARTZ, Appellant,**

v.

**UNITED STATES of America, Alfred S. Julien, Movant-Appellee.**

**No. 16257.**

United States Court of Appeals
Third Circuit.

Argued May 2, 1967.

Decided July 26, 1967.

As Amended on Denial of Rehearing
Dec. 11, 1967.

See also D.C., 230 F.Supp. 536.

Albert Dragon, Philadelphia, Pa., for appellant.

Elwood S. Levy, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

This appeal is from the allowance by the District Court of appellee's motion to fix counsel fees and costs for his services in successfully prosecuting appellant's claim against the United States under the Tort Claims Act (28 U.S.C.A. § 2671 et seq.) for personal injuries resulting from the negligence of Veterans Administration physicians.

The tort suit was started by appellant in 1957. It came on for trial to the Court on March 2, 1964. The testimony was concluded March 20, 1964. On June 17, 1964 the opinion of trial Judge Freedman, D.C., 230 F.Supp. 536, was filed together with his order finding the defendant negligent, plaintiff free from contributory negligence and assessing the damages for the plaintiff in the sum of $725,000.

Mr. Julien represented the then plaintiff throughout the trial and the enormous preparation thereof. He originally agreed to a ten percent contingency fee. In January 1964, he advised appellant that he was doing far more work than had been contemplated in the original arrangement and suggested that he should

receive fifteen percent. Appellant objected to this and the parties agreed to twelve and one-half percent as the contingency fee. Appellant is an attorney whose main participation in the trial was as a witness. His office associate, Mr. Hoffman, a lawyer at that time for about a year who had no trial experience, sat at the counsel table, took notes and otherwise was of assistance. Appellant was extremely pleased at the outstanding result. Even during the present dispute appellant, called as a witness by Mr. Julien, admitted that "The action was tried very well by you."

After judgment was entered on the verdict the Government appealed. A cross appeal was filed on behalf of Mr. Schwartz. The latter was based on the theory that the Government was not entitled to an $80,000 credit for disability payments to plaintiff as a veteran. While the Government was in the course of perfecting its appeal, it started settlement negotiations with Mr. Julien. $325,000 was offered and refused. Hubert Crean, Esq., one of the two Government trial attorneys, testifying in this proceeding as to Mr. Julien's attitude regarding settlement, said "The conversations I recall were at least in the early stages and up until the very last part of the negotiations, you [Julien] were against settlement * * * You said we ought to pay the $725,000." The Government made a final offer of $525,000 which Mr. Schwartz accepted and concerning which Mr. Julien testified Mr. Schwartz commented "This is wonderful. I am delighted."

The next day Mr. Julien, using a Government form, drafted a settlement stipulation which included his 12½% fee. According to Mr. Julien, Mr. Schwartz said to him "Don't put in twelve and a half percent. Put in ten percent. We will take care of that two and a half percent some other way." Mr. Julien refused. He suggested that the trial Court fix the fees. Mr. Julien testified that Mr. Schwartz replied "Unless you leave out the provision with respect to attorneys fees you are off the case. That

will complicate things." After that Mr. Julien sent his client and Mr. Hoffman letters "urging each of them to take no action without me." The next day, September 25, 1964, Mr. Schwartz himself signed the settlement stipulation agreeing to the $525,000. There was no provision for the protection of Mr. Julien's fee but the stipulation did cover the Veterans Administration disability payments to Mr. Schwartz. The stipulation outlined the identical settlement which had been obtained for Mr. Schwartz by his attorney, Mr. Julien.

In November 1964 Mr. Julien filed his motion in the District Court to have his fee fixed. The reason the motion was not heard by Judge Freedman was because meanwhile he had been elevated to the Third Circuit Court of Appeals. The motion was transferred to Judge Joseph S. Lord who attended to the preliminary steps. Mr. Schwartz requested that testimony be taken and sometime later through his then attorney asked that Judge Lord disqualify himself. Judge Lord had been United States Attorney for the Eastern District of Pennsylvania during some part of the existence of the negligence action. He had nothing to do with the Schwartz litigation and the Government attorney told the Court that " * * * the Government does not have any interest in this dispute." Nevertheless Judge Lord, in view of the request, did withdraw. The motion was then assigned to Judge Kirkpatrick. The testimony which had been taken before Judge Lord, by stipulation was made part of the record before Judge Kirkpatrick. At the hearing before the latter, Mr. Schwartz did not testify in his own behalf and did not call any witnesses.

The trial Judge found as a fact that the 12½% contingent fee agreement was made between the parties on January 12, 1965. He held that "The agreement was fairly arrived at without fraud, coercion or duress and 12½% was a reasonable figure under the circumstances." He concluded that "Julien properly, completely and skillfully performed his duties

on behalf of his client." As to Hoffman, the Court found that there was no agreement by Julien employing him or to share his fees with him. The Court allowed interest to Mr. Julien from September 28, 1964 to July 18, 1966 when this phase of the litigation was concluded in the District Court. Earlier the Court had denied Schwartz and Hoffman motions alleging it had no jurisdiction to pass upon the petition for fees.

■ Appellant asserts that he has been deprived of his right to a trial by jury of what he calls "a fee dispute with his attorney." He would dispose of 28 U.S.C.A. § 2678 titled "Attorney fees; penalty" as having no application here. He offers nothing of merit in support of that position.

The statute is clear. It explicitly governs the issue in this appeal. Title 28 is concerned with "Judiciary and Judicial Procedure". Part V thereof is captioned "Procedure". Part VI deals with "Particular Proceedings". Chapter 171 thereof is captioned "Tort Claims Procedure". Under it appears the total law governing tort claims against the United States, inter alia the Schwartz claim.

The pertinent section reads:

"§ 2678. Attorney fees; penalty

"The court rendering a judgment for the plaintiff pursuant to section 1346(b) of this title, or the head of the federal agency or his designee making an award pursuant to section 2672 of this title, or the Attorney General making a disposition pursuant to section 2677 of this title, may, as a part of such judgment, award, or settlement, determine and allow reasonable attorney fees, which, if the recovery is $500 or more, shall not exceed 10 per centum of the amount recovered under section 2672 of this title, or 20 per centum of the amount recovered under section 1346(b) of this title, to be paid out of but not in addition to the amount of judgment, award, or settlement recovered, to the attorneys representing the claimant.

"Any attorney who charges, demands, receives, or collects for services rendered in connection with such claim any amount in excess of that allowed under this section, if recovery be had, shall be fined not more than $2,000 or imprisoned not more than one year, or both."

Section 1346(b) above referred to gives the District Court "exclusive jurisdiction of civil actions on claims against the United States" such as that of Mr. Schwartz. It is noted that under Section 2678 the claims are tried to the Court, not by a jury; the claim of Mr. Schwartz, as we have seen, was so tried. The fundamental reason for that procedure and for the supervision of attorneys fees is laid down by Mr. Justice Brandeis in Calhoun v. Massie, 253 U.S. 170, 173, 40 S.Ct. 474, 475, 64 L.Ed. 843 (1920) which dealt with a forerunner to the Tort Claims Act:

"For nearly three-quarters of a century Congress has undertaken to control in some measure the conditions under which claims against the government may be prosecuted. Its purpose has been in part to protect just claimants from extortion or improvident bargains and in part to protect the treasury from frauds and imposition."

As Section 2678 plainly establishes, it was "The court rendering a judgment * * *" in the present instance for Mr. Schwartz. Continuing the section states that the court " * * * may as a part of such settlement determine and allow reasonable attorney fees * * * to be paid out of but not in addition to the amount of the judgment, award, or settlement recovered, to the attorneys representing the claimant." By this language, the Tort Claims Act, which created Mr. Schwartz's right and under which the court sitting without a jury rendered a judgment in his favor, authorizes that court to determine and allow a reasonable counsel fee to the claimant's attorney to be paid out of the judgment recovered, with the statute itself limiting the maximum amounts which may be al-

lowed. This is exactly the procedure followed by the Court below.

Section 2678 meticulously eliminates a jury from passing upon any feature of the Tort Claims Act. The fee to a plaintiff's attorney is an important element of that kind of action. As appellant concedes in his reply brief one of the main purposes of the Congress from the earliest legislation with respect to these claims has been to properly protect plaintiffs and Government funds from exorbitant lawyers charges. It is for this very reason that Section 2678 not only directly bestows upon the court rendering the judgment in the tort suit the right to "determine and allow reasonable attorney fees" but makes it mandatory that where the recovery is $500 or up to $2500 under Section 2672, the fee allowance shall not exceed ten per centum of said amount or 20 per centum of a recovery under Section 1346(b) which latter is pertinent to the problem before us.

Appellant in his brief seems to take as his final position that even if Section 2678 is applicable the court should not take jurisdiction because its authority is permissive and there has been no allegation that appellant is an irresponsible individual who might flee the jurisdiction with his assets, etc. He also urges that Mr. Julien does not come into court with clean hands. And he asserts that the fee issue should not have been passed upon by the United States District Court for the Eastern District of Pennsylvania because Judge Freedman, having been elevated to the Third Circuit Court of Appeals, was not available to hear and dispose of the controversy. The view appellant takes of the functioning of the United States District Court is none other than preposterous. It needs no discussion.

■ We fully agree with the holding of the District Court that the trial and appeals were ably handled by Mr. Julien. There is no contention that the original contract was unfair. We are satisfied of the correctness of the District Court finding that the later agreement was in consideration of additional services, was not the product of coercion and did not lack consideration.

■ We have examined and find to be without merit appellant's theory that appellee's motion to fix his fee was out of time because it was not filed within ten days of appellant's submission of a judgment, without notice to appellee. As the United States Supreme Court held in quite the same sort of circumstance, though not under the Tort Claims Statute, "Since we view the petition for reimbursement as an independent proceeding supplemental to the original proceeding and not a request for a modification of the original decree, the suggestion of the Circuit Court of Appeals—that it came after the end of the term at which the main decree was entered and therefore too late—falls." Sprague v. Ticonic Bank, 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939). In a Tort Claims case, the Circuit Court of Appeals of the District of Columbia applied the principles enumerated by Mr. Justice Frankfurter in Sprague, supra, in granting an attorney's fee where the request had been filed twenty-eight days following the award of a fee to another attorney after settlement of the tort claim. Doherty v. Bress, 104 U.S.App.D.C. 308, 262 F.2d 20 (1958).

■ Appellant makes no denial of never having given appellee notice of the entry by him of the judgment which gave no protection to appellee whatsoever. Appellant would have us ignore this completely because five days after the judgment had been entered, appellee was told of it by a Government attorney. We hold that this was not the quality of notice called for by the Fourteenth Amendment. Schroeder v. City of New York, 371 U.S. 208, 211, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). In that opinion Mr. Justice Stewart quoted with approval from Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) as follows:

"An elementary and fundamental requirement of due process in any pro-

ceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Because our particular question is one solely of Federal law there is no need or use of examining Pennsylvania decisions and we will not do so.

We approve of the District Court's decision respecting interest. We further rule that Mr. Julien is entitled to additional interest from July 18, 1966 to the date of payment to him by appellant of his fee and the stated interest thereon.

The judgment of the District Court will be affirmed. Additional interest will be allowed Mr. Julien on his fee from July 18, 1966 to date of payment thereof with the exception of the two months and ten days extension of time allowed appellee for the filing of his brief. There will be no interest allowed for that particular period on the fee awarded him.